UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA

v.

JOWENKY NUNEZ, JR.
  a/k/a "Juju,"
JERRIN PENA,
  a/k/a "Rooga," a/k/a "Perry,"
JUSTIN DEAZA,
  a/k/a "Booka," a/k/a "Pepito,"
WILSON MENDEZ,
  a/k/a "Tati,"
BRIAN HERNANDEZ,
  a/k/a "Malikai,"
HUGO RODRIGUEZ,
  a/k/a "Juice,"
MAYOVANEX RODRIGUEZ,
  a/k/a "Menorcito,"
JOHANN ZAPATA,
  a/k/a "Zapata,"
ELVIS TREJO,
  a/k/a "Po Po,"
STEVEN JOAQUIN,
  a/k/a "Baby Gunz,"
IYAURY RODRIGUEZ-ROSARIO,
  a/k/a "Bricha,"
JOWENKY NUNEZ, SR.,
  a/k/a "Bala,"
ARGENIS TAVAREZ,
  a/k/a "Nose," a/k/a "A-Kash,"
VICTOR COLON,
  a/k/a "V,"
JOSE GUTIERREZ,
  a/k/a "G,"
NIJMAH MARTE,
  a/k/a "N," a/k/a "Nena,",

                    *Defendants.*

**Protective Order Modification**

**S3  22 Cr. 293 (JPO)**

Upon the application of the United States of America, with the consent of the undersigned counsel, and the defendants having requested discovery under Fed. R. Crim. P. 16, the Court hereby finds and orders as follows:

1.   On July 26, 2022, the Court entered a Protective Order (the "Protective Order") (Dkt. 77) to govern discovery materials in this matter that was signed by all parties then in the case.  On July 29, 2022, the Court amended the Protective Order (Dkt. 80) to explicitly allow disclosure of discovery materials to the Coordinating Discovery Attorney.  A copy of the Protective Order as amended is attached here as Exhibit A.

2.   After entry of the Protective Order, a Superseding Indictment (Dkt. 86) charging seven new defendants was issued, and six of those defendants have been presented in the Southern District of New York and appointed counsel.

3.   The new defendants shall also be bound by the terms of the Protective Order.

AGREED AND CONSENTED TO:

DAMIAN WILLIAMS
United States Attorney
Southern District of New York


by: _/s/ Kevin Mead_____          Date:   _August 3, 2022_____
    Kevin Mead
    Sarah L. Kushner
    Ashley C. Nicolas
    Assistant United States Attorneys


_____          Date:   _____
Sarah M. Sacks, Esq.
Counsel for Hugo Rodriguez


_____          Date:   _____
Andrew G. Patel, Esq.
Counsel for Mayovanex Rodriguez


_____          Date:   _____
Donald Joseph Yannella, III, Esq.
Counsel for Johann Zapata


_____          Date:   _____
Harvey Fishbein, Esq.
Counsel for Elvis Trejo


_____          Date:   _____
Louis Marmorek Freeman, Esq.
Counsel for Steven Joaquin

3

_____          Date:  _____
Sabrina Shroff, Esq.
Counsel for Jowenky Nunez, Sr.



SO ORDERED:

Dated: New York, New York
        August 5, 2022

_____
        J. PAUL OETKEN
     United States District Judge

4

# **Exhibit A**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

UNITED STATES OF AMERICA

v.

JOWENKY NUNEZ,
     a/k/a "Juju,"
JERRIN PENA,
     a/k/a "Rooga,"
     a/k/a "Perry,"
ARIEL OLIVER,
     a/k/a "8Ball,"
     a/k/a "Ocho,"
JUSTIN DEAZA,
     a/k/a "Booka,"
     a/k/a "Pepito,"
WILSON MENDEZ,
     a/k/a "Tati,"
BRIAN HERNANDEZ,
     a/k/a "Malikai,"
VICTOR COLON,
     a/k/a "V,"
JOSE GUTIERREZ,
     a/k/a "G,"
ARGENIS TAVAREZ,
     a/k/a "Nose,"
     a/k/a "A-Kash," and
NIJMAH MARTE,
     a/k/a "N,"
     a/k/a "Nena,"

                  *Defendants.*

**Protective Order**

**22 Cr. 293 (JPO)**

---

Upon the application of the United States of America, with the consent of the undersigned counsel, and the defendants having requested discovery under Fed. R. Crim. P. 16, the Court hereby finds and orders as follows:

1. **Disclosure Material.** The Government will make disclosure to the defendants of documents, objects and information, including electronically stored information ("ESI"), pursuant to Federal Rule of Criminal Procedure 16, 18 U.S.C. § 3500, and the Government's general obligation to produce exculpatory and impeachment material in criminal cases, all of which will be referred to herein as "disclosure material."  The Government's disclosure material may include material that (i) affects the privacy and confidentiality of individuals and entities; (ii) would impede, if prematurely disclosed, the Government's ongoing investigation of uncharged individuals; (iii) would risk prejudicial pretrial publicity if publicly disseminated; and/or (iv) is not authorized to be disclosed to the public or disclosed beyond that which is necessary for the defense of this criminal case.

2. **Sensitive Disclosure Material.** Certain of the Government's disclosure material, referred to herein as "Sensitive Disclosure Material," may contain information that identifies, or could lead to the identification of, witnesses who may be subject to intimidation or obstruction, and whose lives, persons, and property, as well as the lives, persons, and property of loved ones, will be subject to risk of harm absent the protective considerations set forth herein, or information that may raise a heightened risk to the privacy and confidentiality of individuals or to an ongoing investigation of uncharged individuals.  Materials to be produced by the Government and which contain Sensitive Disclosure Material will be designated as "Sensitive Disclosure Material" by the Government and conspicuously marked as such, either by marking the materials themselves; the file names of the materials; or the folders containing the materials, with the words "Sensitive Disclosure Material."  The Government's designation of material as

2

Sensitive Disclosure Material will be controlling absent contrary order of the Court.  In the event

of any dispute as to the Government's designation of particular Disclosure Material as "Sensitive

Disclosure Material," the parties shall meet and confer regarding such dispute, without prejudice

to a subsequent application by defense counsel seeking de-designation of such material by the

Court.

      3. **Attorney's Eyes Only Material.** Certain discovery materials in this case may contain

information that raises a particular risk of impeding the Government's ongoing investigation of

uncharged individuals because it allows for identification of those uncharged individuals, of

identifying witnesses who may be subject to intimidation or obstruction, and whose lives,

persons, and property, as well as the lives, persons, and property of loved ones, will be subject to

risk of harm absent the protective considerations set forth herein, or of improperly affecting the

privacy and confidentiality of individuals.  Discovery materials produced by the Government to

the defendants or their counsel that include a Bates or other label stating "AEO," shall be

deemed "AEO Material."

      4. **Facilitation of Discovery.** The entry of a protective order in this case will permit the

Government to produce expeditiously the disclosure material without further litigation or the

need for substantial redaction. It will also afford the defense prompt access to those materials, in

substantially unredacted form, which will facilitate the preparation of the defense.

      5. **Good Cause.** There is good cause for entry of the protective order set forth herein.


      **Accordingly it is hereby Ordered:**

6. Disclosure material shall not be disclosed by the defendants or defense counsel, including any successor counsel ("the defense") other than as set forth herein, and shall be used by the defense solely for purposes of defending this action.  The defense shall not post any disclosure material or Sensitive Disclosure Material on any Internet site or network site to which persons other than the parties hereto have access, and shall not disclose any disclosure material to the media or any third party except as set forth below.[1]

7. Disclosure material that is not Sensitive Disclosure Material may be disclosed by counsel to: (a) each defendant for purposes of defending this action, (b) personnel for whose conduct counsel is responsible, *i.e.*, personnel employed by or retained by counsel, as needed for purposes of defending this action; or (c) prospective witnesses for purposes of defending this action.  In addition, if defense counsel requests and the Court appoints a Coordinating Discovery Attorney ("CDA"), Disclosure Material may be disclosed to that attorney.

8. Sensitive Disclosure Material may be disclosed by counsel to each defendant and to personnel for whose conduct counsel is responsible, *i.e.*, personnel employed by or retained by counsel, as needed for purposes of defending this action, including a CDA; however, Sensitive Disclosure Material shall be kept in the sole possession of counsel or personnel for whose conduct counsel is responsible; shall not be reviewed or maintained by the defendant outside the presence of counsel or personnel for whose conduct counsel is responsible (except when a

---

[1] This does not prohibit counsel for the defendants from using secure private web services, such as "Drop Box," to store disclosure material or Sensitive Disclosure Material, provided that the only people with access to such services are those authorized herein to receive disclosure material or Sensitive Disclosure Material, or to transfer such material to such authorized recipients.

defendant is reviewing Sensitive Disclosure Material at counsel's office); and shall not be copied or otherwise recorded by the defendant.

9. AEO Material is subject to the same restrictions set forth above in Paragraph 8 for Sensitive Disclosure Material, except that AEO Material shall not be disclosed to or possessed by the defendants.

10. The Government may authorize, in writing, disclosure of disclosure material, Sensitive Disclosure Material, and AEO Material beyond that otherwise permitted by this Order without further Order of this Court.

11. This Order does not prevent the disclosure of any disclosure material in any hearing or trial held in this action, or to any judge or magistrate judge, for purposes of this action. However, Sensitive Disclosure Material and AEO Material pertinent to any motion before the Court should initially be filed under seal, absent consent of the Government or Order of the Court.  All filings should comply with the privacy protection provisions of Fed. R. Crim. P. 49.1.

 12. If any dispute should arise between the parties to this action as to whether any disclosure material is properly designated as Sensitive Disclosure Material or AEO Material subject to the provisions of this Order, the parties shall seek resolution of such dispute by the Court.  Until the Court has decided the issue, the Government's designation shall apply.

### Disclosure and Protection of Seized ESI

13. The Government has advised that information that may be subject to disclosure in this case may be contained within ESI that the Government has seized, pursuant to warrants issued

during the course of the investigation, including from various cell phones belonging to, among others, the defendants.

14. This Order places no restriction on a defendant's use or disclosure, or the use or disclosure by that defendant's counsel, of ESI that originally belonged to the defendant.

**Return or Destruction of Material**

15. The defense shall provide a copy of this Order to prospective witnesses and persons retained by counsel to whom the defense has disclosed disclosure material.  All such persons shall be subject to the terms of this Order.  Defense counsel shall maintain a record of what information has been disclosed to which such persons.

**Retention of Jurisdiction**

16. The provisions of this Order shall not terminate at the conclusion of this criminal prosecution and the Court will retain jurisdiction to enforce this Order following termination of the case.

AGREED AND CONSENTED TO:

DAMIAN WILLIAMS
United States Attorney
Southern District of New York

by: /s/ Kevin Mead                                    Date:  June 29, 2022
    Kevin Mead
    Sarah L. Kushner
    Ashley C. Nicolas
    Assistant United States Attorneys


_____                              Date:  06.30.2022
Jeffrey Pittell, Esq.
Counsel for Jowenky Nunez


_____                              Date:  6/30/22
Gary Kaufman, Esq.
Counsel for Jerrin Pena


_____                              Date:  _____
Patrick Brackley, Esq.
Counsel for Ariel Oliver


_____                              Date:  _____
Valerie Gotlib, Esq.
Counsel for Justin Deaza


7

## Retention of Jurisdiction

16. The provisions of this Order shall not terminate at the conclusion of this criminal prosecution and the Court will retain jurisdiction to enforce this Order following termination of the case.

AGREED AND CONSENTED TO:

DAMIAN WILLIAMS
United States Attorney
Southern District of New York


by: /s/ Kevin Mead       Date: June 29, 2022
  Kevin Mead
  Sarah L. Kushner
  Ashley C. Nicolas
  Assistant United States Attorneys


              Date: 06.30.2022
Jeffrey Pittell, Esq.
Counsel for Jowenky Nunez


              Date:
Gary Kaufman, Esq.
Counsel for Jerrin Pena


              Date: 7/25/22
Patrick Brackley, Esq.
Counsel for Ariel Oliver


              Date:
Valerie Gotlib, Esq.
Counsel for Justin Deaza

7

**Retention of Jurisdiction**

16. The provisions of this Order shall not terminate at the conclusion of this criminal

prosecution and the Court will retain jurisdiction to enforce this Order following termination of

the case.

AGREED AND CONSENTED TO:

DAMIAN WILLIAMS
United States Attorney
Southern District of New York


by: _/s/ Kevin Mead_____          Date:   June 29, 2022_____
Kevin Mead
Sarah L. Kushner
Ashley C. Nicolas
Assistant United States Attorneys


_____                    Date:   06.30.2022_____
Jeffrey Pittell, Esq.
Counsel for Jowenky Nunez


_____                    Date:   _____
Gary Kaufman, Esq.
Counsel for Jerrin Pena


_____                    Date:   _____
Patrick Brackley, Esq.
Counsel for Ariel Oliver


_____                    Date:   06/30/2022_____
Valerie Gotlib, Esq.
Counsel for Justin Deaza


7

*Dawn Florio*

_____
Dawn Florio, Esq.
Counsel for Wilson Mendez

Date: 7/19/2022
_____

_____
Evan Lipton, Esq.
Counsel for Brian Hernandez

Date: _____

_____
Christopher Booth, Esq.
Counsel for Victor Colon

Date: _____

_____
Joseph Caldarera, Esq.
Counsel for Jose Gutierrez

Date: _____

_____
James Neuman, Esq.
Counsel for Nijmah Marte

Date: _____

SO ORDERED:

Dated:  New York, New York
        _____, 2022

_____
THE HONORABLE J. PAUL OETKEN
UNITED STATES DISTRICT JUDGE

8

_____          Date: _____
Dawn Florio, Esq.
Counsel for Wilson Mendez

_____          Date: _____7/19/22_____
Evan Lipton, Esq.
Counsel for Brian Hernandez

_____          Date: _____
Christopher Booth, Esq.
Counsel for Victor Colon

_____          Date: _____
Joseph Caldarera, Esq.
Counsel for Jose Gutierrez

_____          Date: _____
James Neuman, Esq.
Counsel for Nijmah Marte

SO ORDERED:

Dated:  New York, New York
        _____, 2022

_____
THE HONORABLE J. PAUL OETKEN
UNITED STATES DISTRICT JUDGE

8

_____         Date: _____
Dawn Florio, Esq.
Counsel for Wilson Mendez


_____         Date: _____
Evan Lipton, Esq.
Counsel for Brian Hernandez


_____         Date: 7-6-2022
Christopher Booth, Esq.
Counsel for Victor Colon


_____         Date: _____
Joseph Caldarera, Esq.
Counsel for Jose Gutierrez


_____         Date: _____
James Neuman, Esq.
Counsel for Nijmah Marte



SO ORDERED:

Dated: New York, New York
        _____, 2022


                              _____
                              THE HONORABLE J. PAUL OETKEN
                              UNITED STATES DISTRICT JUDGE


8

_____
Dawn Florio, Esq.
Counsel for Wilson Mendez

Date: _____


_____
Evan Lipton, Esq.
Counsel for Brian Hernandez

Date: _____


_____
Christopher Booth, Esq.
Counsel for Victor Colon

Date: _____

_____
Joseph Caldarera, Esq. Conor MC NAMARA

Date:  6 | 30 | 22

Counsel for Jose Gutierrez


_____
James Neuman, Esq.
Counsel for Nijmah Marte

Date: _____



SO ORDERED:

Dated: New York, New York
           _____, 2022


                                    _____
                                    THE HONORABLE J. PAUL OETKEN
                                    UNITED STATES DISTRICT JUDGE

_____    Date: _____
Dawn Florio, Esq.
Counsel for Wilson Mendez

_____    Date: _____
Evan Lipton, Esq.
Counsel for Brian Hernandez

_____    Date: _____
Christopher Booth, Esq.
Counsel for Victor Colon

_____    Date: _____
Joseph Caldarera, Esq.
Counsel for Jose Gutierrez

_____    Date: 6/30/2022
James Neuman, Esq.
Counsel for Nijmah Marte

SO ORDERED:

Dated:  New York, New York
        July 26, 2022

_____
        J. PAUL OETKEN
        United States District Judge

8

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

|  |  |
|---|---|
| UNITED STATES OF AMERICA | **Protective Order Modification** |
| v. | **22 Cr. 293 (JPO)** |
| JOWENKY NUNEZ, |  |
|     a/k/a "Juju," |  |
| JERRIN PENA, |  |
|     a/k/a "Rooga," |  |
|     a/k/a "Perry," |  |
| ARIEL OLIVER, |  |
|     a/k/a "8Ball," |  |
|     a/k/a "Ocho," |  |
| JUSTIN DEAZA, |  |
|     a/k/a "Booka," |  |
|     a/k/a "Pepito," |  |
| WILSON MENDEZ, |  |
|     a/k/a "Tati," |  |
| BRIAN HERNANDEZ, |  |
|     a/k/a "Malikai," |  |
| VICTOR COLON, |  |
|     a/k/a "V," |  |
| JOSE GUTIERREZ, |  |
|     a/k/a "G," |  |
| ARGENIS TAVAREZ, |  |
|     a/k/a "Nose," |  |
|     a/k/a "A-Kash," and |  |
| NIJMAH MARTE, |  |
|     a/k/a "N," |  |
|     a/k/a "Nena," |  |
|                           *Defendants.* |  |

The Court hereby finds and orders as follows:

WHEREAS on July 26, 2022, the Court entered a Protective Order (the "Protective Order") (Dkt. 77) to govern discovery materials in this matter; and

WHEREAS on June 24, 2022, the Court appointed Emma M. Greenwood as the coordinating discovery attorney (the "CDA") to organize global discovery (Dkt. 69); and

WHEREAS the CDA and third parties supporting the CDA will require access to the discovery materials in order to fulfill the CDA's Court-appointed function; and

WHEREAS the Protective Order does not explicitly authorize the disclosure of discovery materials to the CDA and individuals supporting the CDA;

IT IS HEREBY ORDERED that the Protective Order is modified to expressly authorize disclosure to the CDA of all global discovery material, including sensitive disclosure material and attorney's eyes only material, produced in this case.

IT IS FURTHER ORDERED that the CDA may disclose, make copies of, or reveal the contents of discovery material, including sensitive disclosure material and attorney's eyes only material, to defense counsel and to her employees who are assisting in the preparation and dissemination of such materials, and to third party vendors she may deem necessary to retain to process the material she receives, all in furtherance of fulfilling her duties and obligations under the Court's June 24, 2022 Order appointing her.

IT IS FURTHER ORDERED that Ms. Greenwood shall serve the July 26, 2022 Protective Order and this Order upon any such attorney, employee or vendor, instructing them

that they are bound by their terms, and she shall instruct such other persons that further

disclosure is prohibited.


SO ORDERED:

Dated: New York, New York
      July 29, 2022

                                        _____
                                        J. PAUL OETKEN
                                 United States District Judge

3